IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Martinez-Santana,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-14-1322-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Diego Martinez-Santana filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. He argues that his trial counsel provided ineffective assistance by failing to (1) properly advise him of his constitutional rights, (2) object to unsupported allegations of an aggravated felony in his presentence worksheet, (3) ensure that there was an adequate factual basis for his guilty plea, and (4) file a timely notice of appeal. Respondent argues that Martinez-Santana knowingly and voluntarily waived his right to file a Section 2255 motion and that Martinez-Santana voluntarily entered a plea of guilty. As explained below, the Court recommends that this Motion be denied.

**BACKGROUND**

On April 4, 2013, Martinez-Santana was found guilty, pursuant to a plea agreement, for reentry of a removed alien. (Doc. 6-1, Ex. 1) During his change of plea colloquy, the Court explained in detail the need for his plea to be voluntary. (Doc. 10-1, Ex. A) Specifically, Martinez-Santana stated that he had spoken directly with his

1  attorney in Spanish and his plea had been read to him in Spanish. (*Id*. at 6, 14) He
2  agreed that he had enough time to fully and completely discuss his case with his attorney,
3  that his attorney had done everything that he had asked her to do up to that point in the
4  case, that he was fully and completely satisfied with his attorney's representation of him
5  in the case, that he had discussed the charge in the information with his attorney, and that
6  his attorney had answered all of his questions about it. (*Id*. at 8-10)

7       During the colloquy, Martinez-Santana also said that he understood, and waived,
8  his rights to a grand jury, a trial by jury, to appeal, and to collaterally attack his judgment
9  and sentence. (*Id*. at 11-13, 25-28) He said that he had signed the plea agreement after it
10 had been read to him in Spanish and after his attorney had satisfactorily answered all of
11 his questions about it. (*Id*. at 14-15) He stated that he understood the plea agreement,
12 agreed with everything in it, had no questions about it, that it contained all the promises
13 that had been made to him, and that no other promises had been made to him. (*Id*. at 15-
14 17) He confirmed that no one threatened or coerced him in any way to enter a plea of
15 guilty. (*Id*. at 29-30) He confirmed that he understood, and had no questions about, the
16 nature of the charge against him and the possible consequences of his guilty plea,
17 including the range of his possible sentence and the imposition of supervised release. (*Id*.
18 at 18-25) He admitted to the factual basis of his plea, and to the existence of a prior
19 felony conviction. (*Id*. at 32)

20      At the conclusion of the colloquy, the Court found that Martinez-Santana had
21 entered into his plea knowingly, voluntarily, and intelligently. (*Id*. at 35)

22      At his sentencing hearing, the Court found that Martinez-Santana's sentencing
23 range was between 57 and 71 months and sentenced him to a term of 60 months to be
24 followed by three years of supervised release. (*Id*. at 40-50) During sentencing,
25 Martinez-Santana confirmed that he was satisfied with his attorney and said that "no
26 other attorney had ever read to me every paper, each paper one by one that she did." (*Id*.
27 at 44)

28

Martinez-Santana timely filed this Motion and the government responded. (Doc. 1, 6) Martinez-Santana filed a "Motion to Respond to Government's Response and to Add on Some Facts to My Motion" which the Court will construe as his reply. (Doc. 7) Approximately a month after filing its response, the government filed a supplemental brief addressing Martinez-Santana's allegation that his counsel had provided ineffective assistance by failing to timely file a notice of appeal. (Doc. 8) As described below, this question is not properly before the Court and so the propriety of the supplemental brief will not be addressed.

## DISCUSSION

As part of the written plea agreement, Martinez-Santana agreed to waive "any right to file an appeal, any collateral attack, and any other writ or motion that challenges…any aspect of the defendant's sentence, including the manner in which the sentence is determined, including…motions under 28 U.S.C. § 2255." (Doc. 6-1, Ex. 1 at 3) The government argues that Martinez-Santana expressly waived his right to file a Section 2255 motion as part of his plea agreement and so the Court cannot consider this Section 2255 motion.

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, and the waiver was knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). However, "[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could waive certain claims of ineffective assistance of counsel under Section 2255, notwithstanding an express plea waiver that covered all waivable statutory rights, including the right to challenge a conviction or sentence under Section 2255. However, the Ninth Circuit has limited the scope of non-waivable claims to those either challenging the knowing and voluntary nature of the plea agreement, or the

voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156-57, n. 4 (9th Cir. 2005), *citing Pruitt*, 32 F.3d at 433.

This means that the Court cannot review Martinez-Santana's arguments that his attorney should have (1) objected to unsupported allegations in the presentence worksheet that determined an aggravated felony, (2) ensured that there was an adequate factual basis for his guilty plea, and (3) timely filed a notice of appeal.[1] *See Pruitt*, 32 F.3d at 433. Instead, the only aspects of Martinez-Santana's ineffective assistance claim that the Court can review concern the voluntariness of his waiver and the voluntariness of the agreement itself.

The record shows that Martinez-Santana entered into his plea agreement knowingly, voluntarily and intelligently. In his plea colloquy, Martinez-Santana stated that the plea was read to him in Spanish, that he understood everything that was in the plea agreement, that he was satisfied with the representation of counsel, that he understood the charges against him, and that he had no questions about the plea. Further, he specifically stated that he understood that he was waiving his right to appeal and to collaterally attack his sentence. Accordingly, Martinez-Santana has not shown that his waiver was involuntary or that he entered into the plea agreement involuntarily.

**IT IS THEREFORE ORDERED** construing Diego Martinez-Santana's "Motion to Respond to Government's Response" (Doc. 7) as his reply and accepting it as timely filed.

**IT IS RECOMMENDED** that Diego Martinez-Santana's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

---

[1] In his reply, Martinez-Santana argues that his attorney was ineffective for withholding several "facts" from him, namely that the Sentencing Commission does not recommend supervised release for deportable aliens, the statute of limitations for his prior felony conviction is five years and his conviction was more than five years old, and his prior felony conviction was in state, not federal, court. (Doc. 7 at 2) Even assuming that this Court could review arguments first raised in a reply, these arguments do not address the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. Accordingly, the Court cannot address them. *Jeronimo*, 398 F.3d at 1156-57.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge